**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

MARLETTE S. JONES,                                         PLAINTIFF,

VS.                                                   CIVIL ACTION NO. 2:05CV162-P-B

HERITAGE PROPERTIES, INC.,                              DEFENDANT.

**ORDER**

This matter comes before the court upon Plaintiff's Objection to Magistrate Judge's Order Denying Leave to Amend [50-1]. After due consideration of the objection and the subject motions, briefs, and resulting order, the court finds as follows, to-wit:

The Fifth Circuit "has recognized that a district court does not abuse its discretion by refusing to allow an eleventh-hour amendment." *Hypes on Behalf of Hypes v. First Commerce Corp.*, 134 F.3d 721, 727 (5th Cir. 1998). In *Hypes*, the Court held that an amendment to the complaint was filed seven months after the amendment deadline and was therefore untimely. *Id*.( citing *Banc One Capital Partners v. Kneipper*, 67 F.3d 1187, 1199-1200 (5th Cir. 1995) (holding that district court did not abuse its discretion by refusing amendment sought ten months after amendment deadline, where new matter could have been discovered and asserted earlier)).

Furthermore, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enterprises, LLC v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

In the instant case, the plaintiff filed her Title VII complaint on August 22, 2005. On March 1, 2006 the court entered a Case Management Order in which the deadline to amend the complaint

1

was set to April 3, 2006. The plaintiff filed her motion to amend the complaint on October 31, 2006, almost eight months after the expiration of the amendment deadline. After the matter was fully briefed, the court denied the motion to amend as untimely without good cause shown on January 9, 2007. On January 19, 2007, less than a month before the pretrial conference, the plaintiff filed the instant objection to the U.S. Magistrate Judge's order denying the motion to amend.

In *S&W Enterprises*, the Fifth Circuit noted that

> Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district court." The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."

315 F.3d at 535. The plaintiff did not file a motion to extend the deadline to amend the complaint before its expiration.

Also in *S&W Enterprises*, the Fifth Circuit ruled that the following test was appropriate in the context of untimely motions to amend pleadings: the court should examine "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536.

Having considered the aforementioned factors, along with the other rules enunciated in *S&W Enterprises* and the other authorities discussed above, the court concludes that the U.S. Magistrate Judge was correct in denying the motion to amend.

Throughout the plaintiff's arguments in her briefs in support of amendment, the plaintiff does not provide adequate explanation for her failure to timely move to amend the complaint. She

argues on more than one occasion that the amendment would not require any additional discovery or new factual arguments which begs the question why she waited almost eight months after the amendment deadline to move to amend. In *Banc One*, the Court held that an amendment that was ten months late was untimely and barred since the new matter could have been discovered and asserted earlier. Similarly, the Court in *Hypes* held that an amendment sought seven months late was untimely.

As to the second factor, the plaintiff no doubt believes the amendment is important, but apparently not important enough to raise until over a year after she filed her original complaint.

With regard to the third factor, there is clearly a potential for undue prejudice for the defendants in this late stage of proceedings to brief entirely new matters which may or may not require additional discovery.

Finally, a continuance has not been sought to facilitate this amendment, and even if it had, the court would have been hesitant to grant it to allow an amendment adding entirely new legal theories eight months after the amendment deadline – a deadline which the plaintiff did not seek to extend before its expiration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Objection to Magistrate Judge's Order Denying Leave to Amend [50-1] is **OVERRULED**; and

(2) The U.S. Magistrate Judge's January 9, 2007 Order denying the plaintiff's motion to amend the complaint is affirmed.

**SO ORDERED** this the 2nd day of February, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE